FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

2011 NOV 14 PM 3:13

CASE: _____

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

3:11-CV-1121-J-20J87

DENISE PAYNE, Individually; and
NATIONAL ALLIANCE FOR
ACCESSIBILITY, INC., a Florida
Corporation,

    Plaintiffs,

vs.

BEALL'S OUTLET STORES, INC., a Florida
Corporation,

    Defendant.
_____/

## COMPLAINT

Plaintiffs, DENISE PAYNE, individually, individually and NATIONAL ALLIANCE FOR ACCESSIBILITY, INC., a Florida Corporation, on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sue Defendant, BEALL'S OUTLET STORES, INC., a Florida Corporation (hereinafter "Defendant"), and as grounds allege:

### JURISDICTION, PARTIES, AND VENUE

1.    This is an action for injunctive relief, a declaration or rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2.    The Court has original jurisdiction over Plaintiffs' claims arising under 42 U.S.C. § 12181, et seq., pursuant to 28 U.S.C. §§ 1331 and 1343.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

4. Plaintiff, DENISE PAYNE, is an individual over eighteen years of age, domiciled in Florida, and is otherwise *sui juris*.

5. Plaintiff, NATIONAL ALLIANCE FOR ACCESSIBILITY, INC., is a corporation formed under the laws of the State of Florida, and maintains its principal office at Fort Lauderdale, Broward County, Florida.

6. At all times material, Defendant, BEALL'S OUTLET STORES, INC. was and is a corporation authorized to do business in the State of Florida with agents and/or offices in Jacksonville, Duval County, Florida.

7. At all times material, Defendant BEALL'S OUTLET STORES, INC. operated, owned, or leased a retail store located at 1100 Dunn Avenue, Jacksonville, Florida.

8. Venue is properly located in the Middle District of Florida because Defendants' properties are located in and do business within Jacksonville, Duval County, Florida, and because a substantial part of the events or omissions giving rise to this claim occurred in Jacksonville, Florida.

## FACTUAL ALLEGATIONS

9. Although nearly twenty years have passed since the effective date of Title III of the ADA, Defendants have yet to make their facilities accessible to the disabled.

10. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants continue to discriminate

against people who are disabled in ways that block them from access and use of Defendants' business.

11. Plaintiff, DENISE PAYNE, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff has cerebral palsy, is wheelchair bound, and unable to ambulate without a motorized device. She is limited in her major life activities by such, including but not limited to walking, standing, grabbing, grasping and/or pinching.

12. Plaintiff has visited the property located at 1100 Dunn Avenue, which forms the basis of this lawsuit. Plaintiff resides in the Jacksonville area during the year due to its proximity to her sister and ongoing family legal issues concerning her mother's estate. Plaintiff is a current and past patron of Beall's Outlet stores and enjoys shopping at the property due to its location, selection of merchandise and prices. Plaintiff intends to return to the property to avail herself of the goods and services offered to the public at the property; Plaintiff is domiciled in the same state as the property, frequents Jacksonville several times a year, and intends to return to the property within four month's time. The Plaintiff has encountered architectural barriers at the subject property, and wishes to continue her patronage and use of the premises. Plaintiff, DENISE PAYNE, is also a member of the Plaintiffs organization, NATIONAL ALLIANCE FOR ACCESSIBILITY, INC., discussed below.

13. NATIONAL ALLIANCE FOR ACCESSIBILITY, INC., is a not-for-profit Florida corporation. Members of this organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities protected from discrimination by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities.

NATIONAL ALLIANCE FOR ACCESSIBILITY, INC., and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow him or her to bring suit in his or her own right. NATIONAL ALLIANCE FOR ACCESSIBILITY, INC., has also been discriminated against because of its association with its disabled members and their claims.

14. The barriers to access at Defendant's property have denied or diminished Plaintiffs' ability to visit the property and endangered her safety. The barriers to access, which are set forth below, have likewise posed a risk of injury, embarrassment, and discomfort to Plaintiff.

15. Defendant owns, leases, leases to, or operates, a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendants own, operate, lease or lease to, is known as a BEALL'S OUTLET STORE and located at 1100 Dunn Avenue, Jacksonville, Florida.

16. Plaintiffs have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the described property but not necessarily limited to the allegations in paragraph 18 of this Complaint. Plaintiffs have reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiffs desire to visit the BEALL'S OUTLET STORE, not only to avail themselves of the goods and services available at the property but to assure themselves that this property is in compliance with the ADA so that they

and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

17.  Defendant has discriminated against the individual Plaintiffs by denying access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

18.  Defendant has discriminated, and continues to discriminate, against Plaintiffs in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). The violations prolonged her visit at the property, prevented her from full use and enjoyment of the property without the assistance of others, caused her embarrassment, discomfort, and self-awareness of her limitations. A preliminary inspection of the BEALL'S OUTLET store has shown that violations exist. These violations include, but are not limited to:

### Entrance Access and Path of Travel

A. There is not a continuous path of travel connecting all essential elements of the facility, in violation of Sections 4.3.1 and 4.3.2 of the ADAAG whose resolution is readily achievable. Such violations provided obstructions to Plaintiff's use of the facilities, prolonged her stay on the property, and required assistance to gain access.

### Access to Goods and Services

B. The facility does not maintain the elements that are required to be readily accessible and usable by persons with disabilities in violation of Section 36.211 of the ADAAG. Such violations prevented Plaintiff from having full access to the facility.

C. There are permanently designated interior spaces without proper signage in violation of Section 4.1.2 and 4.30 of the ADAAG whose resolution is readily achievable. Such violations prevented Plaintiff from having full access to the facility.

D. There is insufficient clear floor space to access goods or services at the facility, in violation of several Sections of the ADAAG whose resolution is readily achievable. Such violations prevented Plaintiff from having full access to the facility.

### Restrooms

E. There are dispensers provided for pubic use in the restroom, with controls outside the ranges prescribed in Section 4.27 of the ADAAG whose resolution is readily achievable. Such violations prevented Plaintiff's use of the lavatory facilities.

F. Some of the restrooms do not provide the required latch side clearance violating the provisions of the ADAAG whose resolution is readily achievable. Such violations prevented Plaintiff's use of the lavatory facilities.

19. The discriminatory violations described in paragraph 18 are not an exclusive list of the Defendant's ADA violations. Plaintiffs require the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiffs, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of, services, programs and activities of the Defendant's buildings and their facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiffs, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiffs require an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

20. Defendant has discriminated against the individual and corporate Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against Plaintiffs, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

21. Plaintiffs are without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiffs. Plaintiffs have retained the undersigned counsel and is entitled to recover attorneys fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

22. A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public accommodation that has existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's

facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

23. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiffs or waived by the Defendant.

24. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to alter the BEALL'S OUTLET store located at 1100 Dunn Avenue, its interiors and the common exterior areas of the properties to make those facilities readily accessible and useable to the Plaintiffs and all other mobility-impaired persons; or by closing the facility until such time as the Defendant cures their violations of the ADA.

WHEREFORE, the Plaintiffs, DENISE PAYNE, and NATIONAL ALLIANCE FOR ACCESSIBILITY, INC., respectfully request that this Honorable Court issue (i.) a Declaratory Judgment determining Defendants at the commencement of the subject lawsuit are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii.) Injunctive relief against Defendant including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than

other individuals because of the absence of auxiliary aids and services; (iii.) An award of attorneys fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv.) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

DATED: November 9, 2011.

                                                Respectfully submitted,

By: _____
      DANIEL B. REINFELD, ESQ.
      Florida Bar No.: 174815
      DILL & REINFELD, PLLC
      Attorneys for Plaintiff
      Wells Fargo Financial Center
      1909 Tyler Street, Suite 405
      Hollywood, FL 33020
      Telephone: (954) 494-4131
      Facsimile: (954) 628-5054
      E-Mail: dan@reinfeldlaw.com